# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NORTHEASTERN DIVISION

| | |
|---|---|
| JAMA L. MAYNARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:14-cv-00027 |
| ) | Judge Sharp / Knowles |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon Defendant's Motion to Dismiss filed pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Docket No. 17. Defendant has contemporaneously filed a supporting Memorandum of Law (Docket No. 18), and the Declaration of Patrick Herbst (Docket No. 19). Defendant argues that this action must be dismissed because the Court lacks subject matter jurisdiction since the Complaint was filed beyond the time permitted by 42 U.S.C. § 405(g) and 20 C.F.R. § 422.210, and because Plaintiff's Complaint fails to state a claim upon which relief may be granted. *Id.* Defendant asserts that there are no circumstances in this case that justify equitable tolling of the filing deadline. *Id.*

Plaintiff, who is represented by counsel, has filed a Response to the instant Motion. Docket No. 20. Plaintiff's counsel has also submitted his Affidavit. Docket No. 21.

Defendant is correct that Plaintiff's Complaint was filed *one day* beyond the time permitted by 42 U.S.C. § 405(g) and 20 C.F.R. § 422.210. Plaintiff's counsel concedes that his law firm filed Plaintiff's Complaint one day late, but contends that tolling the statute by one day

is equitable, as he was diligent in pursuing Plaintiff's right to initiate a civil action and Defendant did not directly allege that it would suffer prejudice if the Court tolled the deadline by one day. Docket Nos. 20, 21. Although Plaintiff's counsel accepts responsibility for his firm's filing this action one day late, he asks this Court to equitably toll the statute by one day "given [his] reasonable reliance on the competence of his paralegal and the absence of any significant prejudice to the Commissioner if the Court considered Plaintiff's claim on the merits." *Id.*

The undersigned agrees with Plaintiff's counsel that equity favors tolling the statue for one day. Accordingly, the undersigned recommends that Defendant's Motion to Dismiss be DENIED, that Plaintiff's Complaint be deemed timely-filed, and that Defendant file its Answer and the Administrative Record so that Plaintiff's claims may be considered on the merits.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge